IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. ARTHUR

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

ROSE MARIE ARTHUR, APPELLANT.

Filed April 21, 2015.    No. A-14-910.

Appeal from the District Court for Nuckolls County: VICKY L. JOHNSON, Judge. Affirmed in part, and in part reversed and remanded with directions.

Benjamin H. Murray of Germer, Murray & Johnson, for appellant.

Doug Peterson, Attorney General, and Kimberly A. Klein, for appellee.

INBODY, PIRTLE, and BISHOP, Judges.

PIRTLE, Judge.

INTRODUCTION

Rose Marie Arthur pled no contest to two counts of abandonment or cruel neglect of an animal pursuant to Neb. Rev. Stat. § 28-1009 (Reissue 2008), both Class I misdemeanors. She was convicted and sentenced to a period of 60 days in jail for each count, with the sentences to run consecutively. The district court for Nuckolls County also ordered Arthur not to own, possess, or reside with any animal for a period of five years after the date of conviction, pursuant to Neb. Rev. Stat. § 28-1019. Arthur appeals her sentences, specifically the portion related to ownership or possession of animals.

- 1 -

BACKGROUND

Arthur was charged by a second amended information with two counts of abandonment or cruel neglect of an animal. Pursuant to a plea agreement, Arthur pled no contest to both counts.

Before accepting Arthur's pleas, the court advised her of the rights she was waiving by pleading no contest and explained the charges and possible penalties. The State presented a factual basis with respect to each charge.

The State alleged on July 17, 2013, Sheriff Marr and Deputy Baker were summoned to the residence and acreage of Arthur and her husband. They found 15 horses in her care confined to a very small area, and the horses appeared undernourished. Law enforcement brought other individuals to examine the horses, and those persons confirmed that the animals were in distress and starving. Most of the animals were subsequently removed from the property, but several were left in Arthur's care, for reasons that were not specified in the record.

Arthur did not agree with all of the facts presented. She asserted the drought contributed to the appearance that the horses were underfed. Nonetheless, she indicated she wished to plead no contest to the two charges.

The trial court found that there was sufficient factual basis to accept Arthur's no contest pleas; that Arthur understood the charges and penalties associated with her no contest pleas; and that her pleas were entered freely, knowingly, intelligently, and voluntarily. The court accepted the pleas and found Arthur guilty of each charge.

At a sentencing hearing on October 7, 2014, the State noted that it was recommended by probation that Arthur not have any horses in her care or control. The State noted it would not object if she kept two horses which appeared to belong to her, but that she should not be allowed to keep any animals entrusted to her by others. The State did not object to placing Arthur on probation. However, the court found probation was not appropriate, as Arthur had 30 prior convictions for animal abuse in Kansas, for which she went to jail. The district court stated that this case had originally been charged as a subsequent offense, which would have been a felony. The court also noted Arthur was raising dairy goats at the time of sentencing and that Arthur was at risk to engage in further criminal conduct.

The court sentenced Arthur to 60 days in jail for each count. The sentences were to be served consecutively to one another. The court also ordered Arthur to not own, possess, or reside with any animal for a period of five years after the date of conviction, pursuant to § 28-1019. The district court said Arthur simply could not be trusted around animals, given her history of failing to care for them.

Arthur appeals the judgment and sentences imposed.

ASSIGNMENTS OF ERROR

Arthur asserts the district court erred in determining she could not own, possess, or reside with any animal for a period of five years after the date of her conviction pursuant to § 28-1019, as the statute violates the ex post facto clause of the Nebraska and United States Constitutions.

## STANDARD OF REVIEW

A sentence imposed within statutory limits will not be disturbed on appeal absent an abuse of discretion by the trial court. *State v. Elliot,* 21 Neb. App. 962, 845 N.W.2d 612 (2014).

## ANALYSIS

Both U.S. Const. art. I, § 10 and Neb. Const. art. I, § 16 provide that no ex post facto law may be passed. A law which purports to apply to events that occurred before the law's enactment, and which disadvantages a defendant by creating or enhancing penalties that did not exist when the offense was committed, is an ex post facto law and will not be endorsed by the courts. *State v. Simnick,* 279 Neb. 499, 779 N.W.2d 335 (2010).

Arthur was sentenced to two jail terms and prohibited from owning, possessing, or residing with any animals for a period of five years pursuant to § 29-1019(1)(b). Arthur asserts that the prohibition violates the ex post facto clause, as the relevant statutory provisions were not in effect for the charged crimes in July 2013, the date of her offenses. At the time of the charged offenses, § 28-1019(1)(b) (2012 Cum. Supp.) stated:

> If a person is convicted of a Class I misdemeanor under Section 28-1005.01 or subdivision (2)(a) of section 28-1009 or a Class III misdemeanor under section 28-1010, the sentencing court may order such person not to own, possess, or reside with any animal after the date of conviction, but such time restriction, if any, shall not exceed five years. Any person violating such court order shall be guilty of a Class IV misdemeanor.

Subsection (2)(a) of 28-1009 (Reissue 2008) pertains to a person who cruelly mistreats an animal, a more severe offense with which Arthur was not charged. It was not alleged that Arthur cruelly mistreated an animal. Rather, Arthur was charged with violations of 28-1009(1), which states "A person who intentionally, knowingly, or recklessly abandons or cruelly neglects an animal is guilty of a Class I misdemeanor unless the abandonment or cruel neglect results in serious injury or illness or death of the animal, in which case it is a Class IV felony."

Effective July 18, 2014, § 1019(1)(b) was amended to state that persons convicted under §§ 28-1005.01 or any part of 28-1009 could be ordered not to own, possess, or reside with any animal after the date of conviction. However, as this section of the statute was not in effect at the time of the charged crimes, it is not the controlling version of the statute.

Upon our review of the record, we find the court's determination that Arthur could be prohibited from owning animals for a period of 5 years was not authorized by the statute, as the crime was committed prior to the enactment of the relevant statutory provision. Accordingly, the inclusion of that punishment in Arthur's sentence violates the Ex Post Facto Clauses of the Nebraska and federal Constitutions.

When part of a sentence is illegal, an appellate court may, if the sentence is divisible, modify it by striking out the illegal part. *State v. Simnick,* 279 Neb. 499, 779 N.W.2d 335 (2010). That portion of Arthur's sentencing order which states she is subject to a five year probation from owning, possessing, or residing with animals is divisible from the remainder of the sentence and should be stricken, leaving the remainder of the sentence in force.

## CONCLUSION

For the reasons discussed, we affirm Arthur's plea-based convictions, and the associated jail sentences, but reverse the portion of the sentence which prohibits Arthur from owning, possessing, or residing with animals for a period of five years. We remand the cause to the district court with directions to vacate that portion of the sentence.

AFFIRMED IN PART, AND IN PART REVERSED AND REMANDED WITH DIRECTIONS.